MORRIS A. FIERBERG *v.* THOMAS F. MOULTON.

MALTBIE. C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.
Argued December 2—decided December 28, 1942.

*Morris Blumer,* for the appellant (plaintiff).

*Charles H. Blackall,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover damages which he claimed resulted from the fact that, after he had stopped his car at a street intersection, the defendant's car, following, collided with its rear, and has appealed from a judgment entered upon a verdict for the defendant. The assignments of error, except for an incidental attempt to correct the finding not necessary to consider, are addressed to the charge of the court. The plaintiff's principal claim is that the court erred in submitting to the jury for their determination as an issue the question whether or not the plaintiff gave any signal

of his intention to stop, contending, correctly, that no such issue was presented by the respective claims of proof of the parties; the trial court did not submit that issue to the jury, but did charge them quite fully as to whether the hand signal which the plaintiff claimed he gave would constitute a proper and adequate signal under § 637c of the 1935 Cumulative Supplement to the General Statutes; we cannot hold that this issue was not properly presented to the jury, in view of the claims of proof, which state no details as to the manner in which the signal was given. The trial court's charge as to the effect of an emergency upon the issue whether the defendant exercised proper care finds like support in the defendant's claims of proof that the plaintiff's car came to a sudden stop, considered in the light of the other circumstances surrounding the collision claimed to have been proved; nor was there any need for the trial court to define the word "emergency," used as it was in the charge with its ordinary significance. Conn. App. Proc., § 50. The reference to unavoidable accidents was merely in elucidation of the general statements of the court as to the duty of exercising reasonable care and for that purpose was relevant and proper.

There is no error.